IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Anastasia Zimmerman, | ) | Civil Action No. 2:12-505-DCN-BHH |
| Plaintiff, | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| College of Charleston, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the defendant's motion for judgment on the pleadings [Doc. 30], pursuant to Federal Rules of Civil Procedure 12. In her Complaint, the plaintiff alleges violations of Title VII of the Civil Right Act of 1991, including hostile work environment, discrimination, and retaliation.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

**APPLICABLE LAW**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Such a motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. *Tollison v. B & J Machinery Co., Inc.*, 812 F. Supp. 618, 619 (D.S.C.1993). The standard is almost identical to the standard employed in considering a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." *Cont'l Cleaning Serv. v. United Parcel Serv., Inc.*, 1999 WL 1939249, at *1 (M.D.N.C.1999); *see also Burbach Broad. Co. v. Elkins Radio*

*Corp.*, 278 F.3d 401, 405–06 (4th Cir.2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." *Pledger v. North Carolina Dep't of Health & Human Servs.*, 7 F. Supp.2d 705, 707 (E.D.N.C.1998).

Instructively, under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendant contends that the plaintiff's claims pursuant to Title VII  are barred by the doctrine of *res judicata*.  Specifically, it contends that the plaintiff could have brought her present Title VII claims in a pending state court action but did not.  The defendant believes that a grant of summary judgment in that state action now has complete preclusive effect here.

The relevant procedural history is as follows. The plaintiff first filed an action in the Court of Common Pleas for the Ninth Judicial Circuit, Charleston County, South Carolina, captioned *Anastasia Zimmerman v. College of Charleston and Louis Burnett, named in his individual capacity*, 2011-CP-10-4160 ("*Zimmerman* I"). [Doc. 24-3.] *Zimmerman* I was filed against the College of Charleston, on June 13, 2011, and alleged defamation and negligent supervision claims. In the state court Complaint, the plaintiff alleged that a Louis Burnett engaged in "unfair and bullying treatment of women for many years" and "hostile actions towards Plaintiff." [Doc. 24-3 ¶¶ 10, 12.] In her sole cause of action against the College of Charleston, for negligent supervision, she specifically claimed that the defendant was liable for such conduct and should have stopped it. *Id.* ¶ 12, 14, 17. The plaintiff expressly alleged that Burnett's conduct was a result of his hostility "towards women." *Id.* ¶ 10.

The plaintiff subsequently filed a Charge of Discrimination ("Charge") with the South Carolina Human Affairs Commission ("SCHAC") and the U. S. Equal Opportunity Commission ("EEOC") on or about July 27, 2011. [Doc. 24-4.]

On February 7, 2012, the SCHAC issued the plaintiff, in response to her request, a Notice of Right to Sue. [Doc. 24-5.] Sometime prior to March 6, 2012, the plaintiff also requested a Notice of Right to Sue from the EEOC.

The present lawsuit ("*Zimmerman* II") was filed on February 23, 2012. The plaintiff again claims that Burnett engaged in "offensive and unwelcome conduct" on account of the plaintiff's "gender" that created a "hostile working environment." [Doc. 1 ¶ ¶ 18-20.] The plaintiff likewise accuses defendant of failing to investigate and stop the conduct. *Id.* ¶¶ 22-24.

The U. S. Department of Justice ("USDOJ") issued a "right-to-sue" letter to the plaintiff, dated May 2, 2012.

On May 30, 2012, the state court granted summary judgment in favor of the defendant College of Charleston and dismissed the negligent supervision claim, which was

3

the only cause of action pled against it. [Doc. 24-8.]  The plaintiff's time to appeal the Order

granting summary judgment in *Zimmerman* I has expired.  *See* S.C. R. App. P. 203(b).

      *Res judicata* is inapplicable on the facts here.  A "'dismissal . . . without prejudice' is

a dismissal that does not 'operat[e] as an adjudication upon the merits,' and thus does not

have a *res judicata effect.*" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).  Our

Circuit Court of Appeals agrees that dismissals *without prejudice* lack preclusive, *res*

*judicata* effect on subsequent suits.  *See Choice Hotels Intern., Inc. v. Goodwin and Boone*,

11 F.3d 469, 473 (4th Cir. 1993); *see also Mann v. Haigh*,  120 F.3d 34, 36 (4th Cir. 1997).

      Importantly, South Carolina Rule of Civil Procedure 41(b) states:

> Unless the court in its order for dismissal otherwise specifies, a
> dismissal under this subdivision and any dismissal not provided
> for in this rule, **other than a dismissal for lack of jurisdiction**
> **or for improper venue** or for failure to join a party under Rule
> 19, operates as an adjudication upon the merits.

S.C. R. Civ. P. 41(b) (emphasis added).  In other words, the rules of civil procedure

expressly carve out and treat any dismissal for jurisdictional or venue grounds as one not

on the merits and, therefore, without prejudice.  A dismissal "with prejudice," by contrast,

"has the effect of a final adjudication *on the merits* favorable to defendant and bars future

suits brought by plaintiff on the same cause of action." *Nemaizer v. Baker*, 793 F.2d 58, 60

(2d Cir.1986) (emphasis added).

      Critically, a determination that the exclusivity provision of the Workers' Compensation

Act applies is necessarily a jurisdictional one because it "determines the jurisdiction of the

commission under the Workers' Compensation Act." *Pilgrim v. Eaton*, 703 S.E.2d 241, 242

(S.C. Ct. App. 2010); *see also Posey v. Proper Mold & Engineering, Inc.*, 661 S.E.2d 395,

402 (S.C. Ct. App. 2008).  Accordingly, it should be deemed an adjudication rendered

without prejudice to subsequent suit.  In fact, it contemplates it – at least before the

Workers' Compensation Commission.

4

It is undisputed that *Zimmerman* I was dismissed, as against the defendant College of Charleston, because the plaintiff's claim was barred by the exclusivity provision of the Workers' Compensation Act. [Doc. 24-8 at 3-4.] Accordingly, South Carolina recognizes that dismissal as being without any prejudice to bringing a subsequent suit, Fed. R. Civ. P. 41(b), and, therefore, lacking preclusive effect in this case, *Choice Hotels*, 11 F.3d 469.

The defendant's motion should be denied.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion for judgment on the pleadings [Doc. 30] should be DENIED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 16, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).