IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ANASTASIA ZIMMERMAN, | ) | |
| | ) | No. 2:12-cv-505-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| COLLEGE OF CHARLESTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff Anastasia Zimmerman's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Zimmerman requests relief from the court's August 26, 2013 order granting judgment on the pleadings. Zimmerman argues that the court erred in holding that the doctrine of res judicata bars her Title VII gender discrimination and retaliation claims. For the reasons set forth below, the court denies Zimmerman's motion.

## I.  BACKGROUND

On June 13, 2011, Zimmerman filed a state court action against the College of Charleston ("the College") and Lou Burnett, her supervisor, in his individual capacity. Zimmerman v. Coll. of Charleston, No. 2011-CP-4160 (S.C. Ct. Com. Pl. filed June 13, 2011). The state court entered summary judgment in favor of the College on May 2, 2012, and issued a written order granting summary judgment on May 30, 2012. On February 23, 2012, over two months before the state court granted summary judgment to the College, Zimmerman filed the present action against the College in federal court.

On September 5, 2012, the College moved for judgment on the pleadings based on the doctrine of res judicata. The matter was referred to Magistrate Judge Bruce

1

Hendricks. The magistrate judge issued a report and recommendation ("R&R") recommending that the court deny the College's motion. On August 26, 2013, the court rejected the R&R and granted the College's motion for judgment on the pleadings. On September 6, 2013, Zimmerman moved the court to alter or amend that judgment. The College filed a response September 30, 2013. The matter is now ripe for the court's review.

## II.  STANDARD OF REVIEW

While Rule 59(e) does not provide a standard under which a district court may alter or amend a judgment, the Fourth Circuit has recognized that a court may grant a Rule 59(e) motion "only in very narrow circumstances:  (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Rule 59(e) motions may not be used, however, to make arguments that could have been made before the judgment was entered. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted." Sams v. Heritage Transp., Inc., No. 2:12-cv-0462, 2013 WL 4441949, at *1 (D.S.C. August 15, 2013).

Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, No. 2:10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). Whether to alter or amend a

2

judgment under Rule 59(e) is within the sound discretion of the district court.  See, e.g., Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).

### III.   DISCUSSION

Although not specified in her motion, the court assumes that Zimmerman is bringing this motion to correct a clear error of law or prevent manifest injustice. Zimmerman has not alleged the existence of any new evidence not previously available and points to no changes in controlling law.  Zimmerman argues that the court should reconsider its order for two reasons:  (1) because her time for appeal had not expired, there had been no final judgment in the state court case when this court issued its order, and therefore res judicata should not apply; and (2) res judicata does not apply because she could not bring her Title VII claims in state court.

Zimmerman first argues that the court's order granting judgment on the pleadings should be altered because there had not been a final judgment in the state court case. Pl.'s Mot. to Alter or Amend 1.  She asserts that although the state court granted summary judgment her negligent supervision claim, South Carolina Code section 14-3-330(1) permits intermediate judgments, such as orders granting summary judgment, to be appealed from a final judgment once final judgment is entered.  Id.  Since final judgment in the state case was filed August 16, 2013, Zimmerman claims that the time to appeal that judgment had not yet run when this court entered its order, and therefore res judicata should not have applied since there had not been a final judgment on the merits.  Id. at 3.

In their motion for judgment on the pleadings, the College asserted that Zimmerman's time to appeal the state court order of summary judgment had expired, and that therefore the state court order was a final judgment on the merits.  Def.'s Mot. for J.

on the Pleadings 3.  The magistrate judge's report and recommendation specifically found that "plaintiff's time to appeal the Order granting summary judgment in [the state court case] has expired."  R&R 3.  In its objections to the R&R, the College again mentions "Zimmerman's undisputed failure to appeal the state court order."  Def.'s Objections 6.  Zimmerman, however, has not previously argued that the time to appeal the state court judgment had <u>not</u> expired.

Zimmerman also argues that the court should reconsider its order because she could not have brought her Title VII claims in state court.  Pl.'s Mot. 3.  She bases this argument on a pending case in the South Carolina court of common pleas, <u>Durham v. S.C. Dept. of Transp.</u>, No. 2012-CP-18-2686 (S.C. Ct. Com. Pl. filed Nov. 29, 2012).  <u>Id.</u>  Zimmerman asserts that this court's order was based on the premise that she can maintain a private cause of action for gender discrimination in state court.  While the College is not involved in <u>Durham</u>, the College's counsel argued (and apparently continue to argue) that state employees have no private cause of action for discrimination in state court.  <u>Id.</u>  Even though the court in <u>Durham</u> rejected this argument, Zimmerman argues that if she had filed her claim for gender discrimination in state court, the College would have alleged a lack of subject matter jurisdiction.[1]  <u>Id.</u> 3-4.

Zimmerman has not previously advanced either of her present arguments, despite having ample opportunity to do so.  "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may

---

[1] It is not at all clear why the fact that the College's counsel made a certain argument for a different client in a different case, especially when the court there rejected that argument, should require this court to reconsider its order.  However, because this is an argument that Zimmerman could have raised prior to the August 26, 2013 order, but did not, the court need not analyze the merits of her argument, if any.

4

they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403. The rule does not provide a party another "bite at the apple" or a "mechanism to just keep filing motions with new theories until it gets it right." Hanover Ins. Co. v. Corrpro Cos., Inc., 221 F.R.D. 458, 460 (E.D. Va. 2004).

Zimmerman could, and should, have made both these arguments before the court issued its order. Zimmerman has been on notice that res judicata was at issue since the College filed its motion for judgment on the pleadings over a year ago. A Rule 59(e) motion is not the proper vehicle to raise these arguments against the application of res judicata for the first time. Accordingly, the court will not exercise its discretion under Rule 59(e) to amend its August 26, 2013 order granting the College's motion for judgment on the pleadings.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's motion to amend or alter judgment.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 20, 2013**
**Charleston, South Carolina**